UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICIA DIAL and GERVAIS MERLIN
TANE NOGHO

      Plaintiffs,

v.

ERIC H. HOLDER, JR., Attorney General;
ALEJANDRO MAYORKAS, Director,
United States Citizenship and Immigration
Services; JANET NAPOLITANO, Secretary of
Homeland Security; MICK DEDVUKAJ, Detroit
District Director, United States Citizenship and
Immigration Services,

      Defendants.
_____/

Case No. 12-13452
Hon. Victoria A. Roberts

## ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, IN PART, AND TO DISMISS, IN PART (DOC. 20)

**I. INTRODUCTION**

Patricia Dial and Gervais Merlin Tane Nogho (collectively, "Plaintiffs") filed a complaint under the Administrative Procedures Act ("APA") for review of the Board of Immigration Appeals's ("BIA") decision to affirm the denial of Patricia Dial's I-130 Petition. The complaint claims that the BIA's decision should be set aside because it was arbitrary and capricious; it also includes allegations sounding in a procedural due process violation.

Before the Court is Defendants' Motion for Summary Judgment, in part, and to Dismiss, in part, (Doc. 20), in which they seek disposal of Plaintiffs' case entirely. At issue is whether Defendants are entitled to summary judgment on Plaintiffs' claim that

1

the BIA's decision was arbitrary and capricious; and, whether Plaintiffs' purported procedural due process violation should be dismissed for failure to state a claim.

The Court finds that the BIA's decision is not arbitrary or capricious; it is rationally based on evidence of Dial's failure to meet her burden to prove a bona fide marriage to Nogho. In addition, Dial failed to state a claim for a due process violation; she does not have a liberty or property interest in having Nogho remain in the United States. The Court **GRANTS** Defendants' motion.

## II.    BACKGROUND

This is an immigration case. Dial, a U.S. citizen, is married to Nogho, a citizen of Cameroon. In December, 1997, Nogho entered the United States lawfully on a nonimmigrant student visa to attend Texas Southern University in Houston, Texas. Four months later, in April, 1998, Nogho and Dial married in Toledo, Ohio.

Shortly after, Dial filed an I-130 Petition for Alien Relative on behalf of Nogho; it was denied in 2001 for lack of sufficient evidence that the marriage was bona fide. The Immigration and Naturalization Service--the predecessor to the U.S. Citizenship and Immigration Service ("USCIS")--found Dial's claim that she married Nogho with the intention to establish a life together unpersuasive. This finding was based on what the agency concluded was inconsistent testimony, an obvious lack of commitment to the marriage by Nogho, and questionable legitimacy of supporting evidence. The BIA affirmed USCIS's decision.

On June 15, 2006, Dial filed a second I-130 Petition on behalf of Nogho. On September 27, 2006, and January 28, 2008, USCIS interviewed Dial and Nogho

separately. On July 7, 2010, USCIS denied the Petition based on a failure to demonstrate a bona fide marriage due to numerous inconsistencies in Dial and Nogho's testimonies, Dial's failure to refute these inconsistencies--expressed in a USCIS notice of intent to deny the Petition--and insufficient evidence. Again, Dial appealed.

After de novo review, the BIA sustained USCIS's decision. It found: (1) Dial had not challenged the accuracy of either the notice of intent to deny or USCIS's decision concerning numerous material discrepancies in Dial and Nogho's testimonies; and (2) Dial's evidence did not meet her burden to establish that she and Nogho intended a joint life together. The BIA also found that newly-submitted evidence of memory problems allegedly caused by post-traumatic stress disorder: (1) could not be considered for the first time on appeal; (2) did not relate to the bona fides of Dial and Nogho's marital relationship; and (3) did not support Dial's argument that she had poor memory.

Plaintiffs seek review of the BIA's decision under the APA, 5 U.S.C. § 701. They claim it was arbitrary and capricious, not supported by statute or regulation, and constitutes an unlawful failure to exercise discretion. They claim Dial did submit sufficient evidence and did prove by a preponderance of the evidence that she married Nogho in good faith.

Plaintiffs also say that Defendants' violations of their own procedural rules prejudiced them. Specifically, they say that: (1) USCIS did not issue a briefing schedule and its brief was filed nearly a year late; (2) USCIS did not promptly and immediately prepare and forward the record to the BIA within forty-five days of expiration of the briefing period; (3) USCIS did not serve Plaintiffs with a copy of all the documents it filed

with the BIA; and (4) the BIA violated its regulations and procedural rules and failed to act as a neutral arbitrator by allowing USCIS to: (i) dictate the timing for the processing of the appeal; (ii) fail to serve opposing counsel with crucial documents; and (iii) submit its brief after the briefing deadline without a reasonable explanation. With these allegations, Plaintiffs purport to state a due process violation under the Fifth Amendment.

Defendants say they are entitled to summary judgment because the BIA's decision is not arbitrary, capricious, or otherwise contrary to law. Defendants also say that Plaintiffs fail to state a due process violation because Plaintiffs have not identified a protected liberty or property interest, and cannot show that they were deprived of the process they were due.

### III. STANDARDS OF REVIEW

**1. APA Review**

The APA gives this Court authority to review executive agency action for procedural correctness, and permits the setting aside of agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." 5 U.S.C. § 706(2)(A); *F.C.C. v. Fox Television Stations, Inc.*, 556 U.S. 502, 513 (2009). The Court's standard of review is narrow and deferential. *Id.*; *Western & Southern Life Ins. Co. V. Smoth*, 859 F.2d 407, 410 (6th Cir. 1988). Judicial review is generally limited to the administrative record that was before the agency at the time of its decision. *Sierra Club v. Slater*, 120 F.3d 623, 638 (6th Cir. 1997); *Taco Especial v. Napolitano*, 696 F. Supp. 2d 873, 877 (E.D. Mich. 2010).

An agency decision is arbitrary and capricious if the agency fails to examine

relevant evidence and articulate a satisfactory explanation for the decision. *F.C.C. v. Fox Television Stations, Inc.*, 556 U.S. at 513; *Bangura v. Hansen*, 434 F.3d 487, 502 (6th Cir. 2006). The agency's explanation must include a "rational connection between the facts found and the choice made." *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983) (internal quotation marks omitted). Even when an agency explains its action with less than ideal clarity its decision will not be upset if the agency's path may be reasonably discerned. *F.C.C. v. Fox Television Stations, Inc.*, 556 U.S. at 513-14; *Bangura v. Hansen*, 434 F.3d at 502. The Court will not substitute its judgment for that of the agency. *F.C.C. v. Fox Television Stations, Inc.*, 556 U.S. at 513.

An agency's action is unlawful and must be set aside under § 706 (2)(A) if it is unconstitutional; this is the only context in which constitutionality affects judicial review of authorized agency action. *Id.* at 516. The lawfulness of an agency's action under the Constitution is addressed in a constitutional challenge separately from whether the agency's action was arbitrary or capricious. *Id.*

**2. Motion for Summary Judgment Review**

The Court recognizes the Sixth Circuit's concern in *Alexander v. Merit Systems Protection Board*, 165 F.3d 474, 480 (6th Cir. 1999): the use of summary judgment may be inappropriate for judicial review under the APA because it "invites improper consideration of evidence outside the administrative record and reliance upon post hoc rationalizations for the agency's action." *Alexander*, 165 F.3d at 480; *see also Donaldson v. United States*, 109 Fed. Appx. 37, 39-40 (6th Cir. 2004); *Taco Especial*, 696 F. Supp. 2d at 877. Nonetheless, the Court may enter judgment on Defendants'

5

motion for summary judgment if it uses the proper standard of review under the APA. *Taco Especial*, 696 F. Supp. 2d at 877 (citing *Alexander*, 165 F.3d at 480-81).

### 3. Motion to Dismiss Review

A Federal Rule of Civil Procedure 12(b)(6) motion tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). A complaint may be dismissed under Rule 12(b)(6) for failure to state a claim if "it fails to give the defendant fair notice of what the ... claim is and the ground upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). This standard does not "impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556. To determine whether the plaintiff has set forth a "plausible" claim, the Court "must construe the complaint liberally in the plaintiff's favor and accept as true all factual allegations and permissible inferences therein." *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994). Because a motion to dismiss rests upon the pleadings rather than the evidence, "[i]t is not the function of the court [in ruling on such a motion] to weigh evidence." *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995).

**IV. ANALYSIS**

First, the Court considers whether the BIA's decision was arbitrary or capricious in light of the evidence in the administrative record. The Court will then consider whether the decision was unlawful due to a constitutional violation.

**A. The BIA's decision was not arbitrary or capricious and summary judgment is warranted**

A United States citizen who marries a noncitizen may file an immigrant visa petition (I-130) for his or her spouse. *See* 8 U.S.C. § 1154(a)(1)(A)(I). Nonetheless, a marriage intended to circumvent immigration law and not intended as a good faith attempt for the couple to start a life together, is fraudulent and will bar an alien spouse from obtaining immigration benefits. *Acheampong v. Keisler*, 250 F. App'x 158, 160 (6th Cir. 2007) (quoting *Matter of McKee*, 17 I. & N. Dec. 332, 333 (BIA 1980)). The U.S. citizen bears the burden to establish a bona fide marital relationship with the noncitizen beneficiary by a preponderance of the evidence. *Matter of* Martinez, 21 I&N Dec. 1035 (BIA 1997); *see Matter of Brantigan*, 11 I&N Dec. 493 (BIA 1966).

The evidence must demonstrate that the parties intended--in good faith--to establish a life together at the time they were married. Evidence of commitment may include "documentation relating to the degree to which assets and liabilities were combined, the length of time the parties cohabited, birth certificates for children born to the marriage . . . proof that the petitioner's spouse has been listed on insurance policies, property leases, income tax forms, or bank accounts, and testimony or other evidence regarding courtship, wedding ceremony, shared residence, and experiences."

*Acheampong v. Keisler*, 250 F. App'x at 161 (internal quotation marks omitted). In addition, conduct after the marriage can be evidence of the couple's state of mind at the time they married. *Id.* (citing *Bark v. INS*, 511 F.2d 1200, 1202 (9th Cir.1975)).

In concluding that Dial did not meet her burden to establish a bona fide marriage with Nogho, the BIA found: (1) Dial did not challenge the accuracy of the Notice of Intent to Deny and its decision concerning material discrepancies between Dial and Nogho's interview testimonies; and (2) Dial provided scant documentary evidence to support that she and Nogho intended to establish a joint life together, given that they had been married since 1998.

The Court finds that the BIA articulated a satisfactory explanation--based on an examination of relevant evidence--for its conclusion that Plaintiffs did not intend to establish a life together when they married. The evidence in the administrative record supports the BIA's conclusion that Dial did not refute the presumption in the Notice of Intent. The BIA's decision is reasonably discerned and rationally connected to the facts. For these reasons, the BIA's denial of Dial's Petition was neither arbitrary nor capricious, and will not be disturbed.

### B. Plaintiffs fail to state a claim for a constitutional violation

In arguing that alleged procedural errors prejudiced Plaintiffs and undermined the reliability of the BIA's decision, Plaintiffs appear to claim a violation of their procedural due process rights under the Fifth Amendment to the United States Constitution. Defendants argue that Plaintiffs fail to state a claim for a constitutional violation. The Court agrees.

The Fifth Amendment does protect aliens in the United States from deprivation of

8

life, liberty, or property without due process of law. *Mathews v. Diaz*, 426 U.S. 67, 77 (1976). Nonetheless, due process rights only attach once a plaintiff asserts a liberty or property interest; a plaintiff must demonstrate that the Constitution or a federal or state statute grants him a protected right. *See Almario v. Attorney Gen.*, 872 F.2d 147, 151 (6th Cir. 1989) ("[T]he individual must show that the interest is one protected by the Constitution or created by statute.").

Plaintiffs say that the procedural errors implicate Dial's fundamental right to marry. Although the Court recognizes that Plaintiffs have a fundamental right to marry, it does not agree with Plaintiffs' characterization of the nature of Defendants' alleged infringement. The denial of Dial's Petition did not infringe upon Plaintiffs' right to marry, and Plaintiffs do not have a constitutionally-protected liberty or property interest in the processing or approval of an I-130 on appeal. Indeed, neither the Constitution nor a statute "recognize[s] the right of a citizen spouse to have his or her alien spouse remain in the country." *See* Bangura v. Hansen, 434 F.3d 487, 496 (6th Cir. 2006) (citing *Almario*, 872 F.2d at 151).

Plaintiffs fail to state a claim for deprivation of a liberty or property interest.

## V.    CONCLUSION

The BIA's decision is not arbitrary, capricious or unlawful. Defendants' motion is **GRANTED**. Plaintiffs' suit is dismissed in its entirety.

**IT IS ORDERED.**

                                                S/Victoria A. Roberts
                                                Victoria A. Roberts
                                                United States District Judge

Dated:  February 19, 2013

| |
|---|
| The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on February 19, 2013.<br><br>S/Linda Vertriest_____<br>Deputy Clerk |